In re APACHE CONSTRUCTION, INC., Debtor-in-possession.

APACHE CONSTRUCTION, INC., Plaintiff,

v.

The STATE OF OREGON; Jane Huston, in her capacity as Director of the Department of Commerce for the State of Oregon; Warren Hearle, in his capacity as Administrator of the State of Oregon Builder's Board; All American Lumber Yard, Inc., an Oregon corporation, Defendants.

APACHE CONSTRUCTION, INC., Plaintiff,

v.

The STATE OF OREGON; Jane Huston, in her capacity as Director of the Department of Commerce for the State of Oregon; Warren Hearle, in his capacity as Administrator of the State of Oregon Builder's Board; Scharpf's Twin Oaks Building Supply Co., an Oregon corporation, Defendants.

Bankruptcy No. 682–07027.
Adv. Nos. 682–7183, 682–7184.

United States Bankruptcy Court, D. Oregon.

July 27, 1983.

Barry Taub, Eugene, Or., for plaintiff.

Kathleen Dahlin, Salem, Or., for defendants.

## MEMORANDUM OPINION

C.E. LUCKEY, Bankruptcy Judge.

These two related adversary proceedings are before the Court on cross-motions for summary judgment. The parties have submitted stipulated facts and agree that no genuine issue of material fact exists. Plaintiff debtor-in-possession, Apache Construction, Inc., (Apache) seeks a determination that defendant, State of Oregon, Builder's Board, violated the automatic stay of 11 U.S.C. § 362 in disposing of claims before it pursuant to Chapter 701 of the Oregon Revised Statutes. Plaintiff seeks a finding of contempt of this Court against defendants,

suspension of the orders of the Builder's Board relating to defendants All American Lumber Yard (All American) and Scharpf's Twin Oaks Building Supply Co. (Scharpf's) and an order that all monies paid to All American and Scharpf's pursuant to those orders be returned. Plaintiff further seeks an order of this Court suspending the provisions of O.R.S. Chapter 701 urging that the Court find it in conflict with federal bankruptcy legislation and a civil fine against defendants for contempt as well as attorneys fees incurred by the debtor-in-possession in these proceedings.

The agreed facts reveal that during 1981 defendants All American and Scharpf's supplied Apache with building materials worth $4,572.91 and $526.96 respectively. On January 14, 1982, Apache filed its Chapter 11 petition in this Court. Defendant All American filed a claim for payment with defendant, State of Oregon Builder's Board on January 23, 1982. On April 21, 1982, the Builder's Board entered a final order awarding All American the sum of $1,600.52. Defendant Scharpf's filed a claim for payment with the Builder's Board on February 22, 1982. On May 14, 1982, the Builder's Board entered a final order awarding Scharpf's the sum of $74.56. Neither claim has been paid.

Under the provisions of O.R.S. Chapter 701, All American and Scharpf's were able to make claims against the surety bond of Apache only after the aforementioned orders were entered by the Builder's Board. The debtor-in-possession cannot lawfully operate in the State of Oregon without a current valid certificate of registration issued by the Oregon Builder's Board. O.R.S. 701.055. Current, valid registration requires a current, valid bond. On March 12, 1982, the debtor-in-possession's surety bond with Contractors Bonding expired. Upon expiration the Builder's Board revoked and terminated the debtor-in-possession's registration to operate within the State of Oregon.

Pursuant to Oregon Administrative Rule 812–11–040(2)(b) and (d), reinstatement of the debtor-in-possession's registration re-

quires payment of the amounts adjudged against the debtor-in-possession unless the debtor-in-possession submits proof to the Builder's Board that the amounts adjudged represent debts discharged in the debtor-in-possession's bankruptcy or otherwise provided for by an approved plan of reorganization. Additionally, the Builder's Board cannot issue or renew a registration unless a bond is in effect or cash is on deposit. Currently, the amount of necessary bond or cash deposit is $5,000.00.

Thus, the Builder's Board does not withhold licensing for non-payment of discharged debts or debts provided for by an approved plan. Although future builder's competence under the law may require bond or deposit for future work, such requirement is unrelated to the debtor's duties relating to pre-petition claims under the regulatory scheme.

The theory of the plaintiff would clothe the plaintiff with rights greater than other builders by making it unnecessary for future activity to comply with bond requirements to protect consumers and suppliers.

The plaintiff is entitled to a fresh start, not a head start.

The surety bond upon which All American and Scharpf's seek satisfaction of their claims was obtained by payment of a bond premium. No showing has been made in this case that money is available to be returned to the debtor-in-possession as would be possibly the case were a cash bond posted with insufficient claims to exhaust it. It has been held that under such circumstances the surety bond is not property of the estate subject to the automatic stay of 11 U.S.C. § 362(a). *In re Fintel,* 10 B.R. 50, 51 (Bkrtcy.D.Or.1981) and see, *In re Buna Painting and Drywall Co., Inc.,* 503 F.2d 618 (9th Cir.1974). Orders by the Oregon Builder's Board, similar to those involved in the case at bar, were held to be within the scope of the Builder's Board's legislatively mandated purpose of consumer protection and thus, a governmental unit's exercise of police or regulatory power within the ambit of 11 U.S.C. § 362(b) in *Dependable Insurance Company v. The Builder's Board,* No.

81–1088 (D.Or.1982). This Court is disposed to follow these decisions in cases where, as here, no diminution of the bankruptcy estate can result from the Builder's Board orders. The reasoning in the cited opinions appropriately meets the issues raised by the plaintiff herein. The Court is not presented with a case in which the debtor-in-possession has any available monetary interest in the bond.

Defendant, State of Oregon, Builder's Board's motion for summary judgment is granted. Separate Judgment consistent herewith will be entered. This Memorandum Opinion contains the Court's Findings of Fact and Conclusions of Law and pursuant to Bankruptcy Rule 752 they will not be separately stated. Each party shall bear its own costs and attorney fees in these proceedings.