In re REVERE COPPER AND BRASS, INC., et al., Debtors.

HUDSON RIVER SLOOP CLEARWATER, INC. and Natural Resources Defense Council, Inc., Appellants,

v.

REVERE COPPER PRODUCTS, INC., Appellee.

No. 83 Civ. 4005(MP).

United States District Court, S.D. New York.

Aug. 22, 1983.

Anthony Z. Roisman, Trial Lawyers for Public Justice, Washington, D.C., for appellants.

Weil, Gotshal & Manges by Stephen Karotkin, New York City, for appellee.

## MEMORANDUM

MILTON POLLACK, District Judge.

Hudson River Sloop Clearwater, Inc. and National Resources Defense Council, Inc., appeal from an order of the United States Bankruptcy Court that permanently enjoined appellants from continuing a citizen action against Revere Copper Products, Inc. brought pursuant to the Clean Water Act, 33 U.S.C. § 1251, *et seq.* Appellants assert two grounds for reversal. They argue that the Clean Water Act action falls within the exception to the automatic stay provision of Section 362 of Title 11, United States Code, that covers suits by governmental units. Also, they argue that Section 959 of Title 28, United States Code, which permits certain actions to be maintained against a debtor-in-possession, blocks the injunction of the action. For reasons appearing below, both of these arguments fail and the order of the Bankruptcy Court 29 B.R. 584, is in all respects affirmed.

*Summary of Proceedings*

Revere Copper Products, Inc., operates a manufacturing facility in Rome, New York. It has obtained a National Pollutant Discharge Elimination System permit to discharge limited quantities of certain specified pollutants into the Mohawk River.

On September 17, 1982, pursuant to Section 505(b) of the Clean Water Act, 33 U.S.C. § 1365(b), the appellants gave appellee notice by letter of their intent to sue if the appellee did not correct certain alleged violations within 60 days. This 60 day period is statutorily mandated. On October 27, 1982, Revere Copper Products, Inc., along with several related companies, filed a voluntary petition under Chapter 11 of the Bankruptcy Code, 11 U.S.C. Chapter 11.

On November 23, 1982, Clearwater and the Natural Resources Defense Council filed suit in the United States District Court for the Northern District of New York. On December 22, 1983, Revere Copper advised these plaintiffs that it would

seek a temporary restraining order and show cause order to impose civil contempt in the Bankruptcy Court. As a result of a hearing, the Bankruptcy Court issued a preliminary injunction based upon 11 U.S.C. § 362(a), restraining appellants from continuing the Northern District action. On April 22, 1983, the Bankruptcy Court permanently enjoined appellants from pursuing the Northern District action but did not hold appellants in civil contempt.

*The Automatic Stay of Section 362*

Section 362 of the Bankruptcy Code provides that, with certain exception, a petition operates as a stay of:

(1) the commencement or continuation, including the issuance or employment of process, of a judicial, administrative, or other proceeding against the debtor that was or could have been commenced before the commencement of the case under this title, or to recover a claim against the debtor that arose before the commencement of the case under this title;

The exception relevant here provides:

(b) The filing of a petition under Section 301, 302, or 303 of this title does not operate as a stay—

(4) under subsection a(1) of this section, of the commencement or continuation of an action or proceeding by a governmental unit to enforce such governmental unit's police or regulatory power;

Section 362, 11 U.S.C. § 362.

Appellants assert that as they are seeking to enforce the terms and conditions of Revere Copper's waste water discharge permit they should be given the status of a governmental unit. Essentially, they claim that as they are in the position of private attorney generals seeking to enforce the environmental laws they should be given the same status as governmental units with respect to bankrupt defendants. This argument fails for several reasons.

First, Section 101(21) of the Bankruptcy Code defines "Governmental Unit" as follows:

"governmental unit" means United States; State; Commonwealth; District;

Territory; municipality; foreign state; department, agency or instrumentality of the United States, a State, a Commonwealth, a District, a Territory, a municipality, or a foreign state; or other foreign or domestic government.

Section 101(21), 11 U.S.C. § 101(21).

Not only is this provision explicitly limited to true governmental entities, but the legislative history of this definitional section provides:

Entities that operate through state action such as through the grant of a charter or license, and have no further connection with the state or federal government are not within the contemplation of the definition.

H.R.Rep. No. 595, 95th Cong., 1st Sess. 311 (1977); S.Rep. No. 989, 95th Cong., 2d Sess. 24 (1978), U.S.Code Cong. & Admin.News, pp. 5787, 5810, 6268.

■ Clearly, both the statutory language and the legislative history demonstrate that the term "governmental unit" in the bankruptcy code refers exclusively to actual governmental groups and not to organizations acting in a governmental capacity. The exception to the automatic stay for governmental units was intended to allow state, federal or foreign entities to continue to proceed or to commence actions against debtors.

■ None of appellants' arguments to the contrary alter this conclusion. Indeed, the very provision of the legislative history that the appellants cite for the proposition that the underlying purpose of the exception to the automatic stay was to allow the continuation of environmental enforcement actions during bankruptcy explicitly speaks of actions brought by governmental units.

*Post-Petition Suits of Section 959*

Appellants also assert that the Bankruptcy Court erred in not allowing the suit to continue as an action against a debtor-in-possession. Section 959(a), 28 U.S.C. § 959(a) provides:

Trustees, recievers or managers of any property, including debtors in possession, may be sued, without leave of the court

appointing them, with respect to any of their acts or transactions in carrying on business connected with such property. Such actions shall be subject to the general equity power of such court so far as the same may be necessary to the ends of justice, but this shall not deprive a litigant of his right to trial by jury.

Appellants assert that their action in the Northern District is in essence a suit to compel the debtor-in-possession to comply with environmental laws and terms of the permit. Thus, they claim, the action involves post-petition actions of the debtor and should not be stayed.

This argument fails as it does not acknowledge the interpretation widely accorded to Section 959. In *In re: Investors Funding Corp., Jaytee-Penndel Co. v. Bloor,* 547 F.2d 13 (2d Cir.1976), Judge Oakes defined the parameters of the statutory term "general equity power." The Court stated:

> The harmonizing construction that we adopt, one which accords with the legislative history of § 959(a), is that a court action against reorganization trustess relating to business activities of the bankrupt carried on by the trustee may proceed unless the bankruptcy court, exercising sound discretion, finds that the action would embarrass, burden, delay or otherwise impede the reorganization proceedings.

*Id.* at 16 (cites omitted).

 The parties dispute whether the Northern District action relates to the pre-petition actions of appellee or to the trustees' carrying on of the business activities. The complaint in the Northern District action does seek to enjoin operations in violation of the terms and conditions of the permit and thus would appear to relate to the future carrying on of the business of the debtor-in-possession to at least some extent. The action, however, also seeks to compel Revere Copper to pay civil penalties of $10,000 per day for former violations and the complaint thus sets forth detailed allegations of pre-petition violations. This Court concurs in the evaluation of the Bankruptcy Court that the "thrust of the complaint" is concerned with pre-petition conduct.

In any event, under the analysis mandated by the Second Circuit, even to the extent that the action relates to post-petition operation of the business of the debtor, the Bankruptcy Court has discretion to stay the action. The Court below explicitly stated that it was exercising such discretion to stay the action. This exercise appears proper.

Consideration of the factors set forth by the Second Circuit reveals that this suit could easily "embarrass, burden, delay or otherwise impede the reorganization proceedings." As the Bankruptcy Court noted, given that the focus of the complaint is pre-petition conduct, the injunction constitutes a proper exercise of discretion.

*Conclusion*

As all of the arguments asserted on appeal are without merit, the order of the Bankruptcy Court staying the action in the United States District Court for the Northern District of New York is affirmed in all respects.

SO ORDERED.