In re 1736 18TH STREET, N.W., LIMIT-
ED PARTNERSHIP, Debtor.

GOLDSTEN REAL ESTATE, Plaintiff,

v.

RENT ADMINISTRATOR RENTAL AC-
COMMODATIONS AND CONVER-
SION DIVISION DISTRICT OF CO-
LUMBIA DEPARTMENT OF CON-
SUMER AND REGULATORY AF-
FAIRS, et al., Defendants.

Bankruptcy No. 84–00406.
Adv. No. 87–0084.

United States Bankruptcy Court,
District of Columbia.

Feb. 17, 1989.

Richard C. Deering, Washington, D.C.,
for plaintiff.

Frederick D. Cooke, Jr., Richard L.
Aguglia, Denise Dengler, Washington,
D.C., for defendants.

DECISION RE MOTION FOR ORDER TO SHOW CAUSE WHY DEFENDANT DISTRICT OF COLUMBIA SHOULD NOT BE HELD IN CRIMINAL AND CIVIL CONTEMPT AND RE MOTION FOR PRELIMINARY INJUNCTION

S. MARTIN TEEL, Jr., Bankruptcy Judge.

This decision addresses the plaintiff's motions for a preliminary injunction and for contempt sanctions.

### 1. *Facts*

The Debtor, 1736 18th Street, N.W., Limited Partnership, owns an apartment building and has employed the plaintiff, Goldsten Real Estate ("Goldsten"), as its rental agent. In June of 1984 certain tenants of the Debtor commenced a proceeding ("the rent case"), before the Rental Accommodations and Conversion Division ("the RACD") headed by the defendant, the Rent Administrator of the District of Columbia,[1] suing the Debtor and Goldsten for a refund of rents based on certain alleged violations of the District of Columbia's rental laws.

On August 10, 1984, the Debtor filed its voluntary petition in this Court under Chapter 11 of the Bankruptcy Code.

Despite the pendency of the Debtor's bankruptcy case, the RACD heard the rent case and issued a decision. The Debtor and Goldsten appealed to the District of Columbia Rental Housing Commission ("the Commission") and argued on appeal that the automatic stay of 11 U.S.C. § 362(a) applied and required the appeal to be stayed. The Commission rejected that contention, citing 11 U.S.C. § 362(b)(4) and observing that the stay did not apply to Goldsten. The Commission remanded the matter to the RACD for a hearing *de novo*. On remand, on March 11, 1986, the RACD set a further hearing in the rent case.

The Debtor and Goldsten then moved this Court to hold the tenants, the Rent Administrator and the Chairperson of the Commission in contempt. After a hearing and by an Order entered May 28, 1986, this Court (the Honorable George F. Bason, Jr.)

found that the conduct of the Rent Administrator and the Chairperson of the Commission was willful and contemptuous, but concluded, based on *In re Omega Equipment Corp.*, 51 B.R. 569 (D.D.C.1985), that the Court had no power to hold those persons in contempt. The minutes of the hearing reflect that the Court also announced that it would deny a motion by the tenants for relief from the automatic stay seeking to allow them to prosecute the rent case.

The Rent Administrator then set a further hearing for December 7, 1987. Despite being advised by the tenants, the Debtor and Goldsten that the automatic stay of 11 U.S.C. § 362(a) barred the Rent Administrator from conducting a hearing, the Administrator ordered the hearing to go forward on December 7, 1987. Goldsten filed this adversary proceeding on December 15, 1987, to obtain an injunction prohibiting the Rent Administrator from conducting any further hearings in the rent case. On December 18, 1987, this Court issued a temporary restraining order in this adversary proceeding, but the order expired on December 25, 1987. The District of Columbia moved for denial of Goldsten's motion for preliminary injunction as moot based on the District's representations that the RACD "agrees not to schedule any further hearings as to [the rent case] until the bankruptcy court rules on the 11 USC Section 362 'Automatic Stay'" and that the District would "file an adversary proceeding requesting a ruling by the court that the Rental Accommodations and Conversion Division hearings as to this tenant petition are excepted from the automatic stay pursuant to 11 USC Section 362(b)(4)." Upon consideration of the District's motion, this Court (the Honorable George F. Bason, Jr.) entered an order on January 6, 1988, denying Goldsten's motion for a preliminary injunction "as moot at this time, without prejudice."

With the complaint initiating this proceeding on December 15, 1989, there was also filed a motion for contempt. No ruling has been made on that motion.

---

**1.** *See* D.C.Code Ann. § 45–2513 (1981).

By an Order of December 1, 1988, the bankruptcy case was converted to a case under Chapter 7.

On February 1, 1989, Goldsten renewed both its motion for preliminary injunction and its motion for contempt, styling the renewed contempt motion as a "Motion for Order to Show Cause Why Defendant District of Columbia Should Not be Held in Criminal and Civil Contempt." The renewed motions recite the same grounds as the previous motions but additionally bring to the Court's attention that by an order dated December 21, 1988, the Rent Administrator (through the Chief of the Adjudication Branch of the RACD) entered an Order in the rent case setting a hearing in the rent case for February 28, 1989, based on his determination that the automatic stay did not apply to the case pending before him.

On February 9, 1989, this Court entered an Order in the main bankruptcy case granting a renewed motion of the tenants for relief from the automatic stay to proceed with the rent case. The Trustee consented to the motion.

### 2. *Denial of Injunctive Relief*

■ In seeking injunctive relief, Goldsten only relied upon the harm to the estate but the Trustee has now consented to the rental case proceeding. Because the Court has permitted the rent case to go forward, with the consent of the Trustee who represents the interests of the estate, there is no further need for a preliminary injunction to protect those interests.

### 3. *Denial of Contempt Motion*

■ The rent case is not, within the meaning of § 362(b)(4), an "action or proceeding by a governmental unit to enforce" the rental laws but, rather, is a proceeding brought by private individuals *before* a governmental unit to enforce private rights arising under the rental laws. Therefore, the tenants' rent case against the Debtor does not come within the exception of 11 U.S.C. § 362(b)(4) to the automatic stay of 11 U.S.C. § 362(a). *Compare In re Revere Copper and Brass, Inc.*, 29 B.R. 584, 587–88 (Bankr.S.D.N.Y.), *aff'd*, 32 B.R. 725 (S.D.N.Y.1983) (action by private environmental group did not come within exception even though fines would be payable to the Government) *with In re Berry Estates, Inc.*, 812 F.2d 67 (2d Cir.), *cert. denied*, —— U.S. ——, 108 S.Ct. 77, 98 L.Ed.2d 40 (1987) (action by governmental unit to recover excess rent came within exception).

The case of *Saravia v. 1736 18th St., N.W., Ltd., Partnership*, 844 F.2d 823 (D.C.Cir.1988), relied upon by the Rent Administrator did not even involve § 362(b)(4) and furnishes no support for his position. If the Rent Administrator is asserting that his role in the rent case is an affirmative enforcement role, his assertion must be rejected as inconsistent with his status in the rent case as a dispassionate adjudicator.

■ But the very fact that the rent case is an adjudicatory proceeding before the Rent Administrator is fatal to Goldsten's request for contempt sanctions against the Rent Administrator. When sitting as an adjudicator, the ·Rent Administrator has jurisdiction to determine whether a proceeding before him is subject to the automatic stay. *In re Baldwin–United Corp. Litigation*, 765 F.2d 343, 347 (2d Cir.1985); *N.L.R.B. v. Edward Cooper Painting, Inc.*, 804 F.2d 934, 939 (6th Cir.1986); *Brock v. Morysville Body Works, Inc.*, 829 F.2d 383, 387 (3d Cir.1987). The Rent Administrator plainly is not in contempt for reaching an erroneous determination in exercising that jurisdiction.[2]

---

**2.** As noted in *Baldwin–United Corp.*, 765 F.2d at 347, "[w]hether [the non-bankruptcy forum] ought to exercise its authority to make such a determination, however, is a different question." Here, the previous Bankruptcy Judge handling this case had already opined that the automatic stay barred the rent case from going forward and the District of Columbia had already announced that the Rent Administrator would not schedule hearings and that it would seek a determination by the Bankruptcy Court whether the automatic stay applied. In these circumstances, this Court cannot help but observe that the Rent Administrator, at the very least, ought to have questioned whether equity warranted his refraining from determining whether the stay applies. *Cf. Baldwin–United Corp.*, 765 F.2d at 348, 349; *In re Republic Oil Corp.*, 59

■ The Rent Administrator insists that Goldsten, which the tenants contend may have a right of contribution from the Debtor, lacks standing to seek contempt sanctions for violation of the automatic stay. The Court need not decide that issue. *See In re Kroh Bros. Development Co.,* 91 B.R. 525, 540 (Bankr.W.D.Mo.1988) (creditor allowed to sue for damages for violation of automatic stay).[3]

## CONCLUSION

Based on the foregoing, both the motion for preliminary injunction and the motion for contempt sanctions shall be denied.

B.R. 884, 886 (Bankr.W.D.Ky.1986). By proceeding with the rent case in 1986, 1987 and 1988, the Rent Administrator took the risk that, upon a later determination that the automatic stay *did* apply, the rent case hearings against the Debtor "would be void *ab initio* as an act taken in violation of the stay" (unless the automatic stay was annulled by the Bankruptcy Court). *Edward Cooper Painting, Inc.,* 804 F.2d at 940 (citations omitted); *CPI Crude, Inc. v. U.S. Dept. of Energy,* 77 B.R. 320, 322 (D.D.C.1987). In addition, he subjected the parties to the rent case to the risk that they might be held in contempt for proceeding based on his plainly erroneous determination. *See Baldwin–United Corp.,* 765 F.2d at 347 n. 2.

**3.** The automatic stay did not apply to protect Goldsten itself from the automatic stay. *Teachers Ins. and Annuity Ass'n of America v. Butler,* 803 F.2d 61 (2d Cir.1986). The Rent Administrator could properly continue to hear the proceeding against Goldsten even if the automatic stay barred the continuance of the proceeding against the Debtor. *See Marcus, Stowell & Beye v. Jefferson Inv. Corp.,* 797 F.2d 227, 230 n. 4 (5th Cir.1986) (court proceeded to decide appeal because it could proceed against debtor's co-defendant). At most, Goldsten could seek to bring contempt proceedings to prevent harm to the Debtor's estate, assuming Goldsten had standing to do so, not to recover for the harm it suffered independently in being forced to defend the rent case hearings.