**In re Jay D. FITCH and Barbara Fitch, Debtors.**

90–02209.

United States Bankruptcy Court, D. Idaho.

Jan. 11, 1991.     .

D. Blair Clark, Boise, Idaho, for debtors.

Terry L. Myers, Boise, Idaho, for Transamerica Ins. Finance Corp.

Jon S. Gorski, Boise, Idaho, for Royal Ins. Co. of America.

Terry B. Spencer and Roger L. Gabel, Boise, Idaho, for Dept. of Ins.

Barry Zimmerman, Meridian, Idaho, Chapter 13 Trustee.

## MEMORANDUM OF DECISION

JIM D. PAPPAS, Bankruptcy Judge.

Debtors filed a Chapter 13 petition on July 11, 1990. Presented to the Court in this proceeding is Debtors' Motion for Order Determining Effect of Automatic Stay. The issue offered concerns whether an exception to the automatic stay, available to governmental units to enforce police and regulatory powers under Bankruptcy Code Section 362(b)(4), applies to the actions taken by the Idaho Department of Insurance under the facts in this case.

## INTRODUCTION

Mr. Fitch is licensed by the Department of Insurance as an insurance agent. He, together with his wife and daughter, owns and operates the Jay D. Fitch Insurance Agency, Inc., in Payette, Idaho. The Department of Insurance alleges that in the operation of the business prior to the bankruptcy, Mr. Fitch fraudulently withheld for his personal use insurance premiums paid by policyholders and due to insurers. The Department learned of these activities and after the filing of the bankruptcy petition suspended Mr. Fitch's insurance license. The Director of the Department has also now commenced an administrative proceeding, post-petition, to revoke Mr. Fitch's insurance license. However, the Department of Insurance has not obtained from this Court a lifting of the automatic stay in order that it may proceed against Mr. Fitch, but rather argues that it is excepted from such a requirement under Section 362(b)(4). Debtors proclaim the exception does not apply and that the formal proceeding underway to revoke his license is in

violation of the automatic stay. Debtors seek reinstatement of Mr. Fitch's license and a halt to any further proceedings.

The Department of Insurance summarily suspended the license of Mr. Fitch, pursuant to Idaho Code § 67–5214(c),[1] in October of 1990. The Department now relies upon Idaho Code § 41–1077 in its license revocation undertaking.[2] The agency has charged Mr. Fitch with both professional incompetence and fraudulent misappropriation of funds.

The parties concede that the automatic stay, which is very broad in scope, is applicable to administrative actions to revoke licenses.[3] Here, however, the argument is over whether the narrow exception provided by Section 362(b)(4) applies. That section provides, in relevant part:

> (b) The filing of a petition ... does not operate as a stay—
>
> .      .      .      .      .
>
> (4) Under subsection (a)(1) of this section, of the commencement or continuation of an action or proceeding by a governmental unit to enforce such governmental unit's police or regulatory power.

The legislative history of Section 362 is helpful in determining the scope of its application. For instance, the legislative history to Section 362(a)(1) tells that license revocation proceedings are generally stayed. "All proceedings are stayed, including arbitration, license revocation, administrative, and judicial proceedings." H.R.Rep. No. 595, 95th Cong., 1st Sess. 174–175 (1977), U.S.Code Cong. & Admin. News 1978, pp. 6134, 6135. Furthermore, Section 362(b)(4) is "intended to be given a narrow construction in order to permit governmental units to pursue actions to protect the public health and safety and not to apply to actions by a governmental unit to protect a pecuniary interest in property of the debtor or property of the estate." 124 Cong.Rec. H11092 (daily ed. Sept. 28, 1978); S17409 (daily ed. Oct. 6, 1978). "Thus, where a governmental unit is suing a debtor to prevent or stop violation of fraud, environmental protection, consumer protection, safety, or similar police or regulatory laws, or attempting to fix damages for violation of such a law, the action or proceeding is not stayed under the automatic stay." H.R.Rep. No. 595, 95th Cong., 1st Sess. 343 (1977), U.S.Code Cong. & Admin. News 1978, p. 6299; S.Rep. No. 989, 95th

---

1. Pursuant to the Idaho Administrative Procedures Act, Idaho Code § 67–5214(c) provides:
   (c) No revocation, suspension, annulment, or withdrawal of any license is lawful unless, prior to the institution of agency proceedings, the agency gave notice by mail to the licensee of facts or conduct which warrant the intended action, and the licensee was given an opportunity to show compliance with all lawful requirements for the retention of the license. If the agency finds that public health, safety, or welfare imperatively requires emergency action, and incorporates a finding to that effect in its order, summary suspension of a license may be ordered pending proceedings for revocation or other action. These proceedings shall be promptly instituted and determined.

2. Idaho Code § 41–1077 recites, in pertinent part:
   (1) The director ... may revoke or refuse to continue any license issued under this chapter ... if ... he finds that as to the licensee any one or more of the following causes exist:
   .      .      .      .      .
   (d) For misappropriation or conversion to his own use or illegal withholding, of monies

or property belonging to policyholders, or insurers, or beneficiaries, or others and received in conduct of business under the license.

.      .      .      .

   (g) If in the conduct of his affairs under the license the licensee has used fraudulent or dishonest practices, or has shown himself to be incompetent, untrustworthy or a source of injury and loss to the public or others.

3. Whether the insurance license is or is not property of the estate is essentially a non-issue in this case. Section 362(a)(1) stays all entities from commencing or continuing an administrative proceeding against the debtor himself. The section states:
   (a) Except as provided in subsection (b) of this section, a petition ... operates as a stay, applicable to all entities, of—
   (1) the commencement or continuation, including the issuance or employment of process, of a judicial, administrative, or other action or proceeding against the debtor that was or could have been commenced before the commencement of the case under this title....

Cong. 2nd Sess. 52 (1978), U.S.Code Cong. & Admin.News 1978, p. 5838.

## DISCUSSION

■ Strictly on the basis of the limited record before the Court in this matter, the Court is persuaded that the Section 362(b)(4) exception to the automatic stay does operate in favor of the Department of Insurance. The Idaho legislature has expressed a valid public policy that those who are licensed and engaged in the insurance business may have their licenses revoked for deeds such as fraud and professional incompetence. The Department of Insurance contends it is seeking the revocation of Mr. Fitch's insurance license based solely on the alleged fraudulent activities of the Debtor. The Court is willing to accept the State's representations.

■ Bankruptcy courts use two tests to determine whether a state's actions are excepted from the stay. The pecuniary purpose test strives to prevent the circumvention of the relief available to the debtors and general creditors under the Code where the governmental unit does so for a pecuniary purpose. *In re Thomassen,* 15 B.R. 907, 909 (9th Cir.BAP 1981); *see, e.g., In re Stoddard,* 85 I.B.C.R. 218 (Hagan, J.). The test considers whether the state's actions would result in an economic advantage to it or its citizens over third parties in relation to the debtor's estate. *In re Charter First Mortg., Inc.,* 42 B.R. 380, 382 (Bankr.D.Ore.1984). The public policy test, on the other hand, endeavors to distinguish between proceedings that fulfill a public policy and proceedings that adjudicate private rights. *Id.*

Mr. Fitch urges that the Department of Insurance's purpose in the administrative proceeding is to punish him for "purely financial reasons", that is, for his pre-petition insolvency. However, the record does not bear this out. Neither is there evidence that the revocation proceeding is solely a result of Mr. Fitch's pre-petition

insolvency, nor is there evidence that the administrative proceeding is for a pecuniary purpose. Rather, the Department of Insurance seeks only to fulfill a public policy as provided under the state statute. In effect, the State's actions are supposedly designed to punish Mr. Fitch for his alleged fraudulent conduct, and to deter others from engaging in such activities, rather than to attempt to recover any alleged misappropriated funds or to recompense any insurers.[4]

Instructive to the Court is *Thomassen,* where the California Board of Medical Quality Assurance began an administrative proceeding against the debtor/physician for investigation into allegations of acts of gross negligence or incompetence, and acts of dishonesty in financial dealings. The *Thomassen* court felt that the Board's actions were not done for a pecuniary purpose, that is, to force payments by the debtor to those allegedly defrauded.

> Contrary to the assertions of counsel for the Debtors, the charges which have been brought against Dr. Thomassen by the California Board of Medical Quality Assurance do not deal with his simple failure to make necessary payments to the state or to its citizens. He has been accused of malpractice and professional incompetence and with fraud in the handling of his patients' and employees' funds. The State's interest in this matter is in punishing such misconduct and in preventing future acts of the type which Dr. Thomassen has been accused. This is a valid police and regulatory interest.

15 B.R. at 909. The court indicated that the purposes of the Bankruptcy Code were not frustrated by allowing the state to proceed.

In *Charter First Mortgage,* the Oregon court determined that, based on Section 362(b)(4), the automatic stay did not apply to a Washington state court proceeding based on the debtor's violation of certain

---

**4.** If it were to appear that the purpose of the administrative proceedings were to collect the premiums or compensate the "victims", such activities would likely exceed the scope of the

Section 362(b)(4) exception. *See In re Massenzio,* 121 B.R. 688 (Bankr.N.D.N.Y.1990) (LEXIS 2588).

consumer protection laws. Though any restitution order was stayed, the Washington court was allowed to proceed and attempt to secure an injunction, civil penalties, and attorney fees in relation to that action.

Such state powers are a necessary and important adjunct to its responsibility to protect its whole citizenry from deceptive consumer practices. The authority to protect the public welfare would be largely meaningless without the power to punish and prevent. Such steps violate neither the pecuniary purpose test nor the public policy test.

42 B.R. at 384. *See also In re Poule,* 91 B.R. 83 (9th Cir.BAP 1988).

Debtor's arguments with respect to Bankruptcy Code Section 525, whereby he contends the Department seeks to revoke the license because Mr. Fitch is a debtor under Title 11, are not properly before the Court. Even were these arguments properly raised on this record, the Court is skeptical that it could be shown that the State's actions have been taken against Mr. Fitch "solely" because he is a debtor under the Code or insolvent. 11 U.S.C. § 525(a). Furthermore, in light of the Court's ruling on the stay exception issue, there is no reason to address the Section 105 issues regarding whether the Court may exercise its equitable powers to reinstate the license.

It is true that Mr. Fitch has apparently been able to resolve his obligations to the offended insurers through his proposed reorganization plan. It is also likely true that even though the insurers may be satisfied, if the State revokes Debtor's license he may be unable to obtain confirmation of the plan, or to perform his debt repayment plan, to the prejudice of Debtors, the insurers and the other Fitch creditors. However, the decision to proceed with the Department's action is the province of the Director of the Department of Insurance, and this Court is not authorized to question its wisdom. This ruling is made without prejudice to Mr. Fitch concerning his civil action in state court with respect to possible violations of state law by the Department of Insurance in connection with this case. In addition, in the event facts appear later suggesting other motives for the Department's action, Debtors may renew their motion.

## CONCLUSION

Debtor's Motion for Order Determining Effect of Automatic Stay will be denied by separate order.