**In re John Leroy McDONALD, Debtor.**

**Bankruptcy No. 89–00021–BKC–TCB.**

United States Bankruptcy Court,
S.D. Florida.

March 10, 1989.

Ronald E. Jones, West Palm Beach, Fla., for creditor Nancy McDonald.

Douglass E. Wendel, Palm Beach, Fla., trustee.

Leslie Gern Cloyd, West Palm Beach, Fla., for trustee.

### ORDER ON MOTION FOR SANCTIONS

THOMAS C. BRITTON, Chief Judge.

This chapter 7 petition was filed January 4, 1989. Two weeks later and with actual notice of the pendency of the bankruptcy proceeding, attorney Ronald E. Jones filed in the State court on behalf of the debtor's former spouse a Motion for Rehearing or in the Alternative to Amend the Final Judgment, the obvious purpose of which was to convert a pre-petition final judgment dissolving the parties' marriage from a money judgment dischargeable in bankruptcy to a nondischargeable award of support or a nondischargeable division of marital assets.

The debtor's motion (CP 7) for the imposition of sanctions against both the former spouse and her attorney and for punitive damages in the amount of $10,000 was heard March 7.

At the hearing, movant withdrew its prayer for relief against the former spouse. The respondent attorney offered no acceptable explanation or excuse for a clear violation of the automatic stay imposed by 11 U.S.C. § 362(a)(1). The automatic stay, which was codified effective October 1, 1979, had been in effect for four years before that date under the provisions of the Bankruptcy Rules promulgated by the Supreme Court. Jones' professed unfamiliarity with this feature of federal law can no longer be tolerated.

More plausible, but also untenable is Jones' explanation that he faced a short deadline for the filing of a motion for reconsideration of the final judgment. *In re Randy Homes Corporation*, 84 B.R. 799, 801 (Bankr.M.D.Fla.1988). That circumstance affords no exception to the automatic stay. He could have applied to this court under § 362(d) for stay relief.

Section 362(h) provides that an individual injured by a willful violation of the automatic stay shall recover actual damages, including costs and attorney's fees, and in appropriate circumstances, may recover punitive damages.

The debtor's actual damages, his attorney's fees and costs total $500. Judgment in that amount is entered for the debtor against Ronald E. Jones, for which execution may issue.

Because I believe that the foregoing sanction is sufficient in this instance, the prayer for punitive damages is denied.

DONE and ORDERED.