**In re Howard Carl GUSTAFSON, Jr., Debtor.**

**CALIFORNIA STATE UNIVERSITY, FRESNO, Appellant,**

v.

**Howard Carl GUSTAFSON, Jr., Appellee.**

**No. 90–15412.**

United States Court of Appeals, Ninth Circuit.

Submitted April 12, 1991.*

Decided May 28, 1991.

Thomas P. Reilly, Deputy Atty. Gen., Oakland, Cal., for appellant.

Richard B. McLaughlin, Salinas, Cal., for appellee.

Circuit Rule 34–4 and Fed.R.App.P. 34(a).

---

* The panel finds this case appropriate for submission without oral argument pursuant to Ninth

Before HUG, POOLE and FERGUSON, Circuit Judges.

HUG, Circuit Judge:

The single issue before this court is whether a state is immune from suit for money damages, pursuant to 11 U.S.C. § 362(h), for violating the Automatic Stay Provision of the Bankruptcy Code, 11 U.S.C. § 362(a).[1] The issue is one of first impression in this circuit. We have jurisdiction to hear this case under 28 U.S.C. § 158(d). We find the state was immune from suit for money damages under the Eleventh Amendment for violating the automatic stay. Thus, the bankruptcy court had no jurisdiction to enter the award of sanctions against the California State University ("CSU"). Accordingly, we vacate the award of sanctions against CSU and reverse the bankruptcy appellate panel's decision affirming the award. 111 B.R. 282.

I

Debtor-appellee Howard Carl Gustafson filed a motion for sanctions against creditor-appellant California State University, Fresno, for failure to turn over his school transcripts after he filed a Chapter 7 petition. CSU maintained that it was not required to release the transcripts until a notice of discharge was received. The bankruptcy court held that CSU's actions in withholding the transcripts violated the automatic stay and awarded sanctions of $312.50 to Gustafson for his attorney's fees. CSU appealed this award to the Bankruptcy Appellate Panel of the Ninth Circuit ("BAP"). BAP affirmed the bankruptcy court's award for sanctions to Gustafson for CSU's refusal to release his transcripts. CSU filed a timely appeal from BAP's decision and the propriety of the bankruptcy court's decision to award

money damages against CSU for violating the automatic stay provision is now before this court.

II

On May 2, 1986, Carl Gustafson filed a voluntary Chapter 7 bankruptcy petition in the United States Bankruptcy Court for the Northern District of California. At that time, Gustafson listed CSU as a creditor based upon an unpaid National Direct Student Loan ("NDSL") obligation. He received a general order of discharge on October 3, 1986, pursuant to 11 U.S.C. § 727.

On July 11, 1986, prior to his general order of discharge, Gustafson contacted CSU to request the release of his transcripts as he needed them to take a civil service exam. Although he informed CSU that he had filed for bankruptcy, a university official informed him that his outstanding NDSL obligation prevented the release of the transcripts until a notice of discharge was received. Subsequently, the university official called Gustafson and reiterated CSU's position concerning the release of his transcripts.

Gustafson then submitted a written request to CSU for the release of his transcripts on July 14, 1986. He indicated in his letter that he needed the transcripts by August 15, 1986 in order to qualify to take the Engineer in Training exam on October 25, 1986. A university official responded to Gustafson that "[t]he only way I would release your transcript before I receive the 'Discharge from the Bankruptcy Court' would be for you to reaffirm your [NDSL] with us."

On September 11, 1986, Gustafson filed a motion for contempt in the bankruptcy court on the grounds of willful and malicious conduct. He sought sanctions against CSU for violation of 11 U.S.C. § 362(a) by refusing to release his transcripts. In that motion, Gustafson inaccu-

---

1. We decline to reach the issue of whether Creditor–California State University–Fresno violated the automatic stay provision, 11 U.S.C. § 362(a), by withholding Debtor–Howard Gustafson's transcripts before Gustafson received a determi-nation of whether his student loans would be discharged. Gustafson received his transcripts after he filed his motion for sanctions. Consequently, that question is moot and not now before us.

rately represented that his debt had been discharged. Following the November 7, 1986 hearing on the motion, the bankruptcy court issued an order for sanctions of $312.50 against CSU, pursuant to 11 U.S.C. § 362(h), for Gustafson's attorney's fees.

### III

This court is in as good a position as the BAP to review the findings of the bankruptcy court. *Taylor v. Little*, 884 F.2d 478, 480 (9th Cir.1989). We review decisions of the BAP *de novo*. *"S" Corp. v. Sun National Bank*, 875 F.2d 240, 242 (9th Cir.1989). Moreover, legal conclusions of the bankruptcy courts are also subject to *de novo* review. *Taylor*, 884 F.2d at 480.

It is well-settled that Bankruptcy Code section 106(c) operates to bind "governmental units" to any code provision that "contains 'creditor,' 'entity,' or 'governmental unit'" and the court determines an issue arising under that provision. 11 U.S.C. § 106(c). *See Hoffman v. Connecticut Dept. of Income Maintenance*, 492 U.S. 96, 109 S.Ct. 2818, 2822, 106 L.Ed.2d 76 (1989); *Pearson v. United States*, 917 F.2d 1215, 1215–16 (9th Cir.1990), *petition for cert. filed*, No. 90–1208 (Jan. 28, 1991). Section 101(27) of the Code defines "governmental units" to include states. 11 U.S.C. § 101(27).

A majority of the Supreme Court, however, concluded in *Hoffman* that section 106(c) does not abrogate a state's Eleventh Amendment immunity from recovery of a money judgment. The plurality opinion held that Congress did not abrogate Eleventh Amendment immunity of the states when it enacted section 106(c). *Hoffman*, 109 S.Ct. at 2824. Justice Scalia concurred in the judgment that the enactment of section 106(c) did not abrogate the immunity of the states but went further to conclude that Congress lacked the power to abrogate the Eleventh Amendment immunity. *Id.*

When we combine the plurality opinion with Justice Scalia's opinion, it is clear that

a majority of the Supreme Court Justices would hold that the Eleventh Amendment precludes the recovery of this monetary sanction. Accordingly, we vacate the bankruptcy court's award of sanctions against CSU and reverse the BAP's decision affirming the award.[2]

VACATED AND REVERSED.

---

**2.** We have also applied the reasoning of the Supreme Court's decision in *Hoffman* to a similar immunity question of the immunity of the United States. *Pearson*, 917 F.2d at 1216.