942 F.2d 792
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
In re MARATHON HOME LOANS, Debtor.
Bernice W. CHAMBERS, Appellant,
v.
Lawrence A. DIAMANT, Chapter 11 Trustee for Marathon Home
Loans, Appellee.
 No. 90-15931.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Aug. 14, 1991.
Decided Sept. 5, 1991.
 
 Before JAMES R. BROWNING, FARRIS and LEAVY, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Bernice W. Chambers appeals an order of the bankruptcy appellate panel reversing an award of $8,950.20 in sanctions against Lawrence A. Diamant, bankruptcy trustee for Marathon Home Loans. Chambers argues that Diamant had an improper purpose in removing her action against Marathon to bankruptcy court. We affirm.
 
 
 3
 We review de novo the bankruptcy appellate panel's ruling. In re Gustafson, 934 F.2d 216, 218 (9th Cir.1991); Taylor v. Little, 884 F.2d 478, 480 (9th Cir.1989).
 
 
 4
 Bankruptcy Rule 9011(a) empowers the court to sanction an attorney who files a document that is not grounded in fact or warranted by law, or that is interposed for an improper purpose. The bankruptcy court determines whether to impose sanctions under Rule 9011(a) according to the same test applied by the district court under Fed.R.Civ.P. 11. See In re Grantham Bros., 922 F.2d 1438, 1441 (9th Cir.1991) (sanctions may be imposed upon signer of paper where paper is "frivolous" or filed for "improper purpose").
 
 
 5
 The application for removal was permitted by law, and therefore was not frivolous. See Bankruptcy Rule 9027(a)(2)(B) (trustee may remove case even after relief from stay has been granted); In re Telephonics, Inc., 85 Bankr. 312, 318 n. 3 (E.D.Pa.1988) (bankruptcy court granted relief from stay in action to obtain possession of real property, and noted that removal remained a possibility under Rule 9027(a)(2)(B)).
 
 
 6
 Whether Diamant acted for an improper purpose must be determined under an objective standard. See Grantham Bros., 922 F.2d at 1443; Zaldivar v. City of Los Angeles, 780 F.2d 823, 831 n. 9 (9th Cir.1986). Our review of the record convinces us that the trial court abused its discretion in concluding that Diamant had an improper purpose.
 
 
 7
 (1) Finding of intent to transfer to Central District
 
 
 8
 The trial court found that had the case not been remanded, Diamant would have sought transfer from the Eastern District to the Central District. Diamant admitted this but the judge also concluded that the anticipated transfer was part of a scheme to wear down Chambers. The record fails to support the conclusion. There is no reason to "wear down" a claimant in a "no asset" bankruptcy.
 
 
 9
 Further, the trial judge erred in referring to a stipulated order in another proceeding. See Burkhart v. Bowen, 856 F.2d 1335, 1341 (9th Cir.1988) (administrative law judge's speculations based on information outside record deprived litigant of opportunity to cross-examine witness or rebut testimony).
 
 
 10
 The grant of relief from stay did not preclude removal and transfer by the trustee. See 11 U.S.C. § 362(d) (effect of relief from stay is to allow previously enjoined action to proceed). It was not an abuse of process to make the motion. The fact that it was made is not a proper basis for sanctions.
 
 
 11
 (2) No-asset bankruptcy case
 
 
 12
 The judge found that Diamant knew at the time he removed the case that the bankruptcy estate would be unaffected by removal because there was no money left in it to pay a damages award. Diamant claims that he removed the case in order to obtain protection from punitive damages, which are unavailable in bankruptcy court.
 
 
 13
 Unrefuted evidence in the record supports a conclusion that Diamant did not know that Marathon was a no-asset case when he applied for removal. Diamant filed for removal on August 18, 1988, three months after Marathon filed for bankruptcy. He did not set forth in the application that Marathon was a no-asset case. He subsequently stated that Marathon had not posted its books and records since late 1987, and that Marathon's financial condition could not be assessed until November 1988. It was not until February 17, 1989 that he filed an affidavit which included an acknowledgment that this was substantially a no-asset case.
 
 
 14
 Further, assuming arguendo that Diamant knew when he filed for removal that Marathon would be a no-asset estate, that information would not necessarily render removal improper. The debtor would be discharged from bankruptcy only after it was shown in court that the Marathon estate had no more assets. That had not yet occurred when Diamant filed for removal, and conceivably could have been far in the future. Until it was established that Marathon was a no-asset case, it behooved Diamant to apply to litigate in bankruptcy court.
 
 
 15
 (3) Use of term "ex parte"
 
 
 16
 The judge concluded that Diamant intentionally used the term "ex parte " in his response to Chambers' motion for remand in order to mislead the court into believing that relief from stay was granted without Diamant's having notice and an opportunity to be heard. The judge stated that the inaccuracy was typical of the half truths that appeared throughout Diamant's papers and argument.
 
 
 17
 The record does not support the conclusion that Diamant intended to mislead the court. In the same sentence that Diamant used the term ex parte, he referred to a hearing on the matter. Further, Diamant used the term after he had applied for remand.
 
 
 18
 AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Circuit Rule 36-6