In re Jane S. BAKER, Debtor.

**BANK OF BOSTON, Appellant,**

v.

**Jane S. BAKER, Appellee.**

**Bankruptcy No. 90–334.**
**No. 2:91–CV–147.**

United States District Court,
D. Vermont.

Jan. 31, 1992.

Jan M. Sensenich, Wilder, Vt., for debtor/appellee.

John P. Faignant, Miller & Faignant, Ltd., Rutland, Vt., for appellant.

Raymond J. Obuchowski, Royalton, Vt., for Gleb Glinka, Trustee in Bankruptcy.

## OPINION AND ORDER

PARKER, Chief Judge.

This is an appeal of the Bankruptcy Court decision in *In re Jane S. Baker*, No. 90–334 (Bankr.D.Vt. February 10, 1991), in which Bankruptcy Judge Conrad awarded debtor costs, attorneys fees and punitive damages for the Bank of Boston's violation of an automatic stay pursuant to 11 U.S.C. § 362(a).

■ The Bankruptcy Court's decision represents a final judgment in a core proceeding under 28 U.S.C. § 157(b)(2); this court has jurisdiction pursuant to 28 U.S.C. § 158(a). While the district court is obliged to accept the Bankruptcy Court's findings of fact unless they are clearly erroneous, the Bankruptcy Court's conclusions of law are reviewable by this court *de novo*. *In re Manville Forest Prods. Corp.*, 896 F.2d 1384, 1388 (2d Cir.1990); *Brunner v. New York State Higher Educ. Servs. Corp.*, 831 F.2d 395, 396 (2d Cir.1987); *In re Financial News Network, Inc.*, 126 B.R. 152, 154 (S.D.N.Y.1991) (citing *In re Ionosphere Clubs, Inc.*, 922 F.2d 984, 988–89 (2d Cir. 1990)); Bankr.R. 8013. The Bankruptcy

Judge's findings as to damages are to be accorded the same clearly erroneous standard of review as findings of fact. *In re Fugazy Express, Inc.*, 124 B.R. 426, 430 (Bankr.S.D.N.Y.1991). Judge Conrad issued his factual findings on the record. They are reviewed from the transcript.

### Background

The Bankruptcy Court found that in June of 1990, appellee Jane Baker owned a 1988 Nissan Sentra automobile, in which the Bank of Boston ("the bank") held a security interest in connection with an automobile loan to Baker. On June 21, 1990, at approximately 10:52 a.m., the bank telephoned debtor. During that conversation, she informed the caller that she was currently in the process of filing for Chapter 7 bankruptcy and also provided the name and telephone number of her attorney. On the same day, at approximately 3:48 in the afternoon, the bank assigned its account with debtor to a repossession agent, Transnet, for repossession of the vehicle. On the next day, June 22, 1990, debtor filed her voluntary petition with the Bankruptcy Court.

Judge Conrad also found that there was substantial evidence that during the next several days, the bank continued to gain knowledge of debtor's bankruptcy filing. Debtor's attorney had at least two conversations with the bank, informing it that debtor had made a bankruptcy filing. On June 27, 1990, the bank received a call from Transnet that Baker's vehicle was "picked up," or repossessed, and was being stored in Massachusetts. Thereafter, and in spite of its knowledge that debtor had filed for Chapter 7 bankruptcy protection, a representative of the bank, Mr. Hernandez, indicated to debtor's counsel that the bank refused to return the car until the payments were made on it to date.

Finally, as to the issue of damages, Judge Conrad found that debtor had presented insufficient evidence as to compensatory damages relating to vehicle expenses. Specifically, although the Bankruptcy Court indicated that other people may have been inconvenienced by debtor's

lack of an automobile, there was no evidence as to a rental car, or payment of expenses to people who transported debtor. In addition, Judge Conrad found no basis for damages for emotional distress suffered by debtor. He stated that debtor's mere susceptibility to nausea, shakes and headaches from the combination of stress and diabetes was insufficient to require an award of damages. However, the Bankruptcy Court did award debtor attorneys' fees and costs, as well as $10,000 in punitive damages for the bank's misconduct.

Based on a review of the proffered exhibits and the parties' testimony in the record, the Bankruptcy Court's factual findings were not clearly erroneous, and are thus upheld by this court.

### Issues on Appeal

There are three issues on appeal in this case:

1. Whether the plaintiff is entitled to punitive damages even though the Bankruptcy Court did not award her any actual or compensatory damages other than attorneys fees and costs.
2. Whether there were sufficient facts concerning the character of the defendant's conduct to warrant punitive damages.
3. Whether punitive damages may be awarded against a corporation under 11 U.S.C. § 362(h).

### Discussion

1. *The Bankruptcy Court Awarded Appellee Actual Damages in the Form of Attorneys Fees*

▆ The Bankruptcy Court awarded appellee $10,000 in punitive damages, but expressly found that she did not warrant either compensatory or actual damages, other than attorneys' fees. On appeal, the Bank of Boston submits that an award of punitive damages is improper where a party has not proved actual or compensatory

damages. However, appellee correctly argues that attorneys' fees constitute compensatory damages in the context of relief for violations of an automatic stay, so the award of punitive damages was appropriate.

The very language of the automatic stay provision of the Bankruptcy Code supports appellee's argument that compensatory damages includes attorneys fees. The section provides that "[a]n individual injured by any willful violation of a stay provided by this section shall recover actual damages, *including attorneys' fees*, and in appropriate circumstances, may recover punitive damages." 11 U.S.C. § 362(h) (emphasis added). Analyzing the statute with reference to its plain language, and giving the words used in the statute their ordinary meaning, *United States v. Bernier*, 954 F.2d 818 (2d Cir.1992), it is obvious that for purposes of this statute attorneys' fees are encompassed within the larger sphere of actual damages, rather than being some separate form of relief. *In re Gustafson*, 111 B.R. 282, 288 (Bankr. 9th Cir.1990), *rev'd on other grounds*, 934 F.2d 216 (9th Cir.1991); *In re Omni Graphics, Inc.*, 119 B.R. 641, 645 (Bankr.E.D.Wis.1990); *In re Chateaugay*, 112 B.R. 526, 534 (S.D.N.Y.), *rev'd on other grounds*, 920 F.2d 183 (2d Cir.1990);[1] *In re Dungey*, 99 B.R. 814, 818 (Bankr.S.D.Ohio 1989); *In re McDonald*, 98 B.R. 1015 (Bankr.S.D.Fla.1989).

The Bankruptcy Court's award of punitive damages was made in connection with an award of compensatory damages in the form of attorneys' fees. As such, the award was not clearly erroneous, and is AFFIRMED.

2. *The Bank's Misconduct Warrants Punitive Damages*

▆ When a Chapter 7 bankruptcy petition is filed, it operates as an automatic stay which forecloses, *inter alia*, repossession of the debtor's property. 11 U.S.C.

---

1. Specifically, as discussed under section 3, *infra*, the Second Circuit in *Chateaugay* reversed the district court solely because it found that a corporate plaintiff was not entitled to compensatory damages for a creditor's wilful violations of an automatic stay under section 362(h). 920 F.2d at 186–87. The Court of Appeals thus did not reach the issue of whether an award of attorneys' fees may constitute actual damages.

§ 362(a)(3). As recourse for a violation of the statute's automatic stay provision, a debtor may recover both actual and punitive damages where appropriate. *Id.* § 362(h). In the proceeding below, Judge Conrad held that the bank's repossession of the automobile constituted a violation of section 362, so that damages were appropriate.

In response to Judge Conrad's finding that punitive damages were warranted for the bank's misconduct in violating the automatic stay, the appellant argues that there were insufficient facts concerning the character of the bank's act to warrant punitive damages. Specifically, the bank contends that it did not know of the imposition of the automatic stay so that it did not have intent to violate such stay for purposes of section 362.

■ Nonetheless, as Baker points out, the bank's argument is at odds with the Bankruptcy Court's factual findings, which are today upheld by this court. In order to justify an award of punitive damages for a violation of section 362(h), a debtor must make a showing of "maliciousness or bad faith on the part of the offending creditor." *In re Crysen/Montenay Energy Co.*, 902 F.2d 1098, 1105 (2d Cir.1990). Because both the debtor and her attorney spoke with representatives of the bank on more than one occasion in order to inform it of debtor's bankrupt status, it does not behoove the bank to now plead ignorance. The only explanation for the bank's violation of the automatic stay can be malice or bad faith. Accordingly, punitive damages were appropriate against the bank, and Judge Conrad's award was not clearly erroneous.

3. *Title 11 U.S.C. § 362 and Common Law Do Not Prohibit an Award of Punitive Damages Against a Corporation*

■ Appellant bank, a corporate entity, claims that it is inappropriate to award punitive damages against a corporation under 11 U.S.C. § 362(h). In support of its position, appellant cites *In re Chateaugay Corp.*, 920 F.2d 183 (2d Cir.1990), which stands for the proposition that corporations cannot recover compensatory damages for a creditor's wilful violations of an automatic stay under section 362(h). *Id.* at 186–87. The bank reasons that it would be inappropriate to apply the sanctions of subsection (h) to a corporate entity without giving that same entity the benefits of the section.

Yet the bank's proposed extension of the rule in *Chateaugay* is both unprecedented and illogical. The Second Circuit has never interpreted *Chateaugay* as implying a converse rule. Moreover, that decision is based on the plain meaning of the statutory language, rather than simply on policy grounds. "The inclusion of § 362(h) within [legislation subsequent to the rest of section 362] makes it entirely plausible that the use of the word 'individual' was intentional, and that Congress was enacting a series of measures meant to benefit only natural persons." *Id.* at 186. But the court did note that its interpretation does accord with a policy-based understanding of the statute.

> Congress may well have thought that individual debtors were particularly vulnerable to violations of the stay by debt-collection agencies and others who may be tempted to believe that individuals are less likely than corporations to be aware of their rights under the automatic stay. Congress may have concluded that this consideration, as well as others, warranted an explicit code provision to punish stay violations and compensate debtors, in addition to civil contempt, when the debtors are individuals.

*Id.* at 186. Because section 362(h) is meant to benefit individual debtors, it does not follow that corporate creditors should be relieved of the sanctions imposed by that section. In other words, corporate savvy prevents recovery under section 362(h), therefore, that same shrewdness should impose liability where appropriate.

The *Chateaugay* decision does not foreclose an award of punitive damages against a corporate defendant under 11 U.S.C. § 362(h).

## CONCLUSION

In summary the Bankruptcy Court's findings of fact and determinations as to damages were not clearly erroneous. The decision is AFFIRMED.