In re Pierce Lamar HARDY, Debtor.

Pierce Lamar HARDY, Appellant,

v.

UNITED STATES of America, by its agency, the INTERNAL REVENUE SERVICE, Appellee.

Bankruptcy No. 85–10820.
Civil Action No. CV193–186.

United States District Court,
S.D. Georgia,
Augusta Division.

Aug. 22, 1994.

**914**

Scott J. Klosinski, Augusta, GA, for debtor/appellant.

Sean O'Connor, James B. Thompson, Jr., Trial Atty., Tax Div., U.S. Dept. of Justice, Washington, DC, for appellee.

Sylvia Ford Drayton, Chapter 13 Trustee, Savannah, GA.

Barnee C. Baxter, Chapter 13 Trustee, Augusta, GA.

## ORDER ON APPEAL

BOWEN, District Judge.

Pierce Lamar Hardy appeals the Order dated September 20, 1993, entered in the above Chapter 13 case by United States Bankruptcy Judge John S. Dalis, of this district. The Order in question dismissed Hardy's adversary proceeding against the Government. In his complaint, Hardy alleges the Government violated the permanent injunction of 11 U.S.C. § 524(a)(2). Judge Dalis held that the Bankruptcy Court lacks subject matter jurisdiction over Hardy's complaint because the Government has sovereign immunity. *In re Hardy,* 161 B.R. 320 (S.D.Ga.1993).

As the adversary proceeding was dismissed for lack of jurisdiction, Hardy's factual contentions are accepted as true for purposes of this appeal. Accordingly, the Bankruptcy Court's factual recitation (161 B.R. at 321–22) is adopted and incorporated by reference. It is assumed that the Internal Revenue Service, as agent for Appellee, the United States of America, violated the Bankruptcy Code's permanent injunction, 11 U.S.C. § 524(a)(2), by attempting to collect from Hardy a federal tax debt discharged in Hardy's Chapter 13 bankruptcy proceeding.[1] The Bankruptcy Court's legal conclusions are reviewed de novo. *In re Chase & Sanborn Corp.,* 904 F.2d 588, 593 (11th Cir.1990).

■ Title 11, the Bankruptcy Code, specifically provides for waiver of sovereign immunity in certain circumstances. 11 U.S.C. § 106.[2] Absent waiver, sovereign immunity precludes monetary recovery from the federal government. *See generally United States v. Nordic Village, Inc.,* —— U.S. ——, 112 S.Ct. 1011, 117 L.Ed.2d 181 (1992); *United States v. Mitchell,* 445 U.S. 535, 538, 100 S.Ct. 1349, 1351–52, 63 L.Ed.2d 607 (1980); *United States v. King,* 395 U.S. 1, 89 S.Ct. 1501, 23 L.Ed.2d 52 (1969). The Government's consent to be sued for monetary relief

---

1. Section 524(a)(2) states:

    A discharge in a case under this title [11]—

    .        .        .        .        .

    (2) operates as an injunction against the commencement or continuation of an action, the employment of process, or an act, to collect, recover or offset any such debt as a personal liability of the debtor, whether or not discharge of such debt is waived[.]

2. Section 106 states:

    (a) A governmental unit is deemed to have waived sovereign immunity with respect to any claim against such governmental unit that is property of the estate and that arose out of the same transaction or occurrence out of which such governmental unit's claim arose.

    (b) There shall be offset against an allowed claim or interest of a governmental unit any claim against such governmental unit that is property of the estate.

    (c) Except as provided in subsections (a) and (b) of this section and notwithstanding any assertion of sovereign immunity—

    (1) a provision of this title that contains "creditor", "entity", or "governmental unit" applies to governmental units; and

    (2) a determination by the court of an issue arising under such a provision binds governmental units.

must be "unequivocally expressed" by Congress; without an unequivocal expression of congressional intent to waive sovereign immunity, any perceived waiver is ineffectual. *King,* 395 U.S. at 4, 89 S.Ct. at 1503. Where Congress provides for waiver of sovereign immunity by statute, the terms of the waiver are narrowly and strictly construed in the sovereign's favor. *See Irwin v. Department of Veterans Affairs,* 498 U.S. 89, 94, 111 S.Ct. 453, 456–57, 112 L.Ed.2d 435 (1990).

■ On appeal, Hardy argues that sovereign immunity does not apply to "sanctions" in the form of court costs, attorney's fees and punitive damages. Alternatively, the Appellant contends that sovereign immunity in this case has been waived.[3]

■ There is no binding or substantially persuasive authority cited in Hardy's brief (or revealed by the Court's research) that recognizes the distinction Hardy finds for purposes of sovereign immunity in the meanings of "sanctions" (and all that Hardy includes therein) and "monetary judgment." The Court does not agree that sovereign immunity, as traditionally espoused by the courts, embraces Hardy's semantical distinction. To conclude otherwise would render superfluous federal statutory provisions clearly intended to effect waiver of sovereign immunity for the limited purpose of allowing a recovery of costs against the Government. *See, e.g.,* 42 U.S.C. §§ 2000e–5(k), 2000a–3(b); 5 U.S.C. § 552(a)(4)(E). Sovereign immunity forecloses all actions against the Government that, if successful, would require payment of funds from the United States Treasury. This is so regardless of the nomenclature used to describe the recovery. Hardy's action, though cast as one for "sanctions," seeks an affirmative monetary recovery. Sovereign immunity, unless waived, bars such actions.

■ Hardy argues that 11 U.S.C. § 106(c), read in conjunction with 11 U.S.C. § 524(a)(2), effects a waiver of sovereign immunity applicable to this case. Hardy contends that the language of § 524(a)(2), notwithstanding its exclusion of any § 106(c)(1) trigger words (*see* note 2, *supra*), applies to the Government's action in this case to collect the discharged debt. The bankruptcy judge rejected this argument and the rationale of supporting authority relied upon by Hardy. Whether any of § 106(c)(1)'s trigger words are understood in § 524(a)(2) is immaterial as far as this appeal is concerned.

■ Without question (and without regard to § 106(c)), a common sense reading of § 524(a)(2) is that the injunction established thereby applies to and prohibits any and all efforts to collect a discharged debt. The all-encompassing scope of § 524(a)(2)'s prohibition applies with full force to the United States. Moreover, a bankruptcy court's inherent power to enforce its orders, as well as that power expressly granted by Congress, 11 U.S.C. § 105(a),[4] necessarily extends to the activities of all entities, even the federal government. Although sovereign immunity indeed curbs judicial power, the bankruptcy court is not, as Hardy imagines, "powerless to enforce a discharge order" against the federal government. (Appellant's Br. at 6.) Where a violation of the permanent injunction by the Internal Revenue Service is brought to the attention of the bankruptcy court, the court has ample power to enforce the permanent injunction by ordering maintenance (or, if necessary, return to) the post-discharge status quo.[5]

3. Hardy states the issues on appeal as follows:
   1. Whether the Bankruptcy Court for the *Southern District of Georgia* committed error in holding a request for sanctions against the Government in the form of court costs, attorney fees and punitive damages constitutes a request for a monetary judgment which is barred by the doctrine of sovereign immunity, and accordingly the Government may completely disregard valid *court orders with impunity.*
   2. Whether the Bankruptcy Court for the *Southern District of Georgia* committed error in holding that because the word creditor is implied and not specifically stated in the provisions of 11 U.S.C. § 524(a)(2), sovereign immunity is not waived under 11 U.S.C. § 106(c).

4. Section 105(a) provides in relevant part as follows: "(a) The court may issue any order, process, or judgment that is necessary or appropriate to carry out the provision of this title [11]."

5. The record before me indicates that "all of the improperly collected funds were returned" to Hardy. (Appellee's Br. at 2.)

■ Nevertheless, there currently is no "unequivocally expressed" waiver of sovereign immunity that permits an affirmative recovery of monetary damages from the federal government for violating § 524(a)(2). Subsection 106(c), relied on by Hardy in this appeal, does not authorize an affirmative monetary recovery against the Government. *See United States v. Nordic Village, Inc.,* —— U.S. ——, 112 S.Ct. 1011, 117 L.Ed.2d 181 (1993). And, although in this appeal Hardy does not assert that the waiver found in § 106(a) and (b) applies, I note and concur in the Bankruptcy Court's well-reasoned explanation of the inapplicability of subsections (a) and (b) to Hardy's case. *In re Hardy,* 161 B.R. at 323–24; *see also In re Brown,* 159 B.R. 1014, 1019 (Bankr.S.D.Ga.1993) (Dalis, J.).

■ I also share the Bankruptcy Court's reluctance to dismiss Hardy's case (161 B.R. at 322) based on sovereign immunity knowing that, had the offending entity been a private litigant, Hardy would have a viable cause of action for damages. Sovereign immunity, in this case, requires dismissal. But sovereign immunity was not conceived to engender disregard and disrespect for court orders. When contemplating action potentially violative of a court order, government agents should tread lightly.

For the foregoing reasons, the Bankruptcy Court's Order is **AFFIRMED.**