**In re Jerry Lee PRICE and Deborah Janice Price, Debtors.**

**Bankruptcy No. 93–26660–A–13.**
**Motion Control No. DM 1.**

United States Bankruptcy Court,
E.D. California,
Sacramento Division.

Submitted Sept. 27, 1994.

Decided March 14, 1995.

Danny L. Moore, Sacramento, CA, for debtors.

Steve White, Dist. Atty., Dist. Atty. Office, Bureau of Family Support, County of Sacramento, Sacramento, CA.

Lawrence J. Loheit, Chapter 13 Trustee, Sacramento, CA.

## MEMORANDUM OF DECISION

DAVID E. RUSSELL, Chief Judge.

The Chapter 13 Debtors, Jerry Lee Price and Deborah Janice Price, filed a Motion for an Order Establishing Violation of the Automatic Stay and Return of Funds pursuant to 11 U.S.C. § 362(h)[1] as to the District Attorney's Office of Sacramento County. Debtors contend that the District Attorney's refusal to terminate a wage and earnings assignment order for child support arrears upon their Chapter 13 filing constitutes a willful violation of the automatic stay. They further contend that they are entitled to return of the funds collected under the wage assignment order since their Chapter 13 filing. For reasons set forth below, the court grants in part and denies in part Debtors' motion.

## I. BACKGROUND

On July 6, 1993, the Superior Court for Sacramento County determined that Debtor Jerry Lee Price owed child support arrears in the amount of $21,046.89 and ordered an assignment against his wages in the amount of $250 per month. The District Attorney's Office of Sacramento County has since enforced this order.

On August 3, 1993, Debtors Jerry Lee Price and Deborah Janice Price filed their Chapter 13 bankruptcy petition. Debtors informed Creditor District Attorney's Office in writing of their bankruptcy filing and requested it to release the wage assignment order. In a written reply dated September 1, 1993, Creditor refused to release the order, citing an exception to the automatic stay under *In re Pacana*, 125 B.R. 19 (9th Cir.

---

1. Hereafter, unless otherwise stated, all statutory references are to 11 U.S.C. § 101 et seq., prior to the October 22, 1994, amendments.

BAP 1991). Creditor also stated that it would not be filing a proof of claim against Debtors' bankruptcy estate and that it would continue to collect via the wage assignment order.

On October 28, 1993, the Chapter 13 Trustee filed an Order Confirming Debtor's Plan. The Plan provides for 100% coverage of all "proven and allowed" secured and unsecured claims in 60 monthly payments to be made as follows: $565.00 per month for the months October to June; $300.00 per month for the months July to September.

On February 15, 1994, the Trustee filed a Notice of Intent to Dismiss due to Debtors' failure to make required payments under the Plan in the amount of $1,971.00. On March 17, 1994, the Trustee filed a Stipulation to Continue which states that Debtors agreed to a reduced payment schedule for the March through June 1994 period while Debtors attempted to resolve the wage garnishment matter.

On August 26, 1994, Debtors filed a Motion to Establish Violation of Automatic Stay and for Return of all Funds Seized from Debtors. In support of their Motion, Debtors contend that their Plan provides for full payment of child support arrears in the amount of $21,016.89.

## II. DISCUSSION

### A. *Violation of the Automatic Stay*

Under § 362(a)(1) of the Bankruptcy Code, the filing of a bankruptcy petition:

> ... operates as a stay, applicable to all entities, of—the commencement or continuation, including the issuance or employment of process, of a judicial, administrative, or other action or proceeding against the debtor that was or could have been commenced before the commencement of the case under this title....

11 U.S.C. § 362(a)(1). The Ninth Circuit Bankruptcy Appellate Panel held that a creditor's acceptance of payments on a prepetition garnishment order after receiving notice of the debtor's bankruptcy constituted a willful violation of the automatic stay. *In re Roberts*, 175 B.R. 339, 343 (9th Cir. BAP 1994). The court adhered to the view that a garnishing creditor has an affirmative duty to stop garnishment proceedings when notified of the bankruptcy. *Id.* at 343.

In a case involving collection of child support arrearages, the Ninth Circuit Bankruptcy Appellate Panel upheld the lower court's grant of relief from the automatic stay after confirmation of the debtor's Chapter 13 plan. *In re Pacana*, 125 B.R. 19 (9th Cir. BAP 1991). The court justified this result under § 362(b)(2), which excepts from the automatic stay the collection of child support "from property that is not property of the estate...." *Id.* at 22 (quoting 11 U.S.C. § 362(b)(2)). Normally in a Chapter 13 case, the debtor's post-petition wages are part of the bankruptcy estate. 11 U.S.C. § 1306(a)(2). However, under § 1327(b), "the confirmation of a plan vests all property of the estate in the debtor ..." unless otherwise provided. 11 U.S.C. § 1327(b). The *Pacana* court concluded, therefore, that the § 362(b)(2) exception to the automatic stay applies in the Chapter 13 context to collection efforts against the debtor's post-confirmation wages. 125 B.R. at 22.

■ The court finds that the instant case is more similar to *In re Roberts, supra*, than to *In re Pacana, supra*, because Creditor continued to accept payments on its wage assignment order after receiving notice of the bankruptcy and did not file for relief from the automatic stay.[2] Although § 1327(b) vests property of the estate in the debtor upon plan confirmation unless the confirmation order or plan provides other-

---

2. The Eleventh Circuit Court of Appeals found that the proper course of action for creditors seeking payment of child support debt from a Chapter 13 debtor was to file for relief from the stay under § 362(d)(1). *Carver v. Carver*, 954 F.2d 1573, 1577–78 (11th Cir.1992). That section provides that the court shall grant relief from the stay "for cause." 11 U.S.C. § 362(d)(1). The court asserted that "such relief should be liberally granted in situations involving alimony, maintenance, or support in order to avoid entangling the federal court in family law matters best left to state court." *Id.* at 1578. The court concluded that federal bankruptcy court noninterference in state family law matters constitutes sufficient cause for which relief may be granted under § 362(d)(1). *Id.*

wise, Creditor in this case collected from Debtors' wages prior to plan confirmation. Since the § 362(b)(2) exception only allows for collection from non-estate property, Creditor could not claim this exception from the stay for wages garnished *prior to* plan confirmation.

Creditor is also barred from using § 1327(b) to claim the § 362(b)(2) exception for payments accepted *subsequent to* plan confirmation. The Trustee's Order Confirming Debtor's Plan specifically states that "the property of the estate does *not* vest in the Debtor upon confirmation of the Plan." (Emphasis added.) In the face of such language, it would appear that the property remains property of the estate until the case is closed, dismissed, or a discharge is granted or denied. *See* 11 U.S.C. § 362(c)(2). This interpretation accords with § 1306(a)(2), which includes as property of the estate earnings from services performed after commencement of the case but before the case is closed, dismissed, or converted to a Chapter 7, 11, or 12 case. Since the instant case has not been closed, dismissed, or converted, the § 362(b)(2) exception to the automatic stay does not apply.

The Ninth Circuit Court of Appeals held that a "willful" violation of the automatic stay does not require a specific intent to violate the stay. *Goichman v. Bloom,* 875 F.2d 224, 227 (9th Cir.1989). If the defendant knew of the bankruptcy petition and acted in violation of the stay, then the defendant had willfully violated the stay, even if he had a good faith belief that his act had not violated the stay. *Id.* In the instant case, Creditor had knowledge of the stay soon after the Debtors' bankruptcy filing. In reply to Debtors' request for termination of the wage assignment order, Creditor asserted that it came within an exception to the stay. Under *Goichman,* Creditor's continued acts of wage garnishment constituted a willful violation of the stay.

In the absence of a motion for relief from stay by Creditor, the court concludes that Creditor has willfully violated the automatic stay by accepting payments from its wage assignment order after receiving notice of Debtors' bankruptcy.

### B. *Return of Funds*

■ Section 362(h) of the Bankruptcy Code provides that an individual injured by any willful violation of the automatic stay "shall recover actual damages, including costs and attorneys' fees, and, in appropriate circumstances, may recover punitive damages." 11 U.S.C. § 362(h). As established above, Creditor willfully violated the automatic stay by continuing the wage assignment order after receiving notice of Debtors' bankruptcy. However, such violation has not caused injury to Debtors.

Sections 523(a)(5) and 1328(a)(2) of the Bankruptcy Code make child support obligations nondischargeable in a Chapter 13 bankruptcy. In the instant case, Debtors will remain personally liable on their child support obligation even after completing payments under their Chapter 13 Plan. It is well established that interest on nondischargeable debts in bankruptcy continues to accrue throughout the bankruptcy. *Bruning v. United States,* 376 U.S. 358, 84 S.Ct. 906, 11 L.Ed.2d 772 (1964). Therefore early payments on their child support obligations will lessen Debtors' debt load. Since Debtors remain ultimately liable on this debt, the court finds no injury from Creditor's post-petition collection of payments.

The court also finds that permitting Creditor to retain the funds already collected would not prejudice the bankruptcy estate. Debtors concede in their brief that their Chapter 13 Plan provides for full payment of the child support arrears. The Plan itself, however, only states that it provides for "100% to all proven and allowed unsecured claims." Since Creditor never filed a proof of claim against the estate, Debtors' Plan on its face does not provide for the child support debt.[3] Notwithstanding this apparent flaw in

---

3. Calculating the Plan payments, it appears that Debtors' Plan covers the approximate amount of child support debt due to Creditor. However, Bankruptcy Rule 3021 only permits distribution under a confirmed plan to creditors whose claims have been "allowed." Fed.R.Bankr.P. 3021. Under 11 U.S.C. § 502(a), a claim is "allowed" only when a proof of claim has been

Debtors' Plan, permitting Creditor to retain the funds already collected comports with Debtors' stated intention to pay their child support obligation in full.

The court finds no injury to Debtors nor to the bankruptcy estate as a result of Creditor's collection of post-petition wages in violation of the automatic stay. Therefore, the court will not order a return of funds heretofore collected.

### C. *Creditor Must Cease Collection Action*

The Eleventh Amendment of the United States Constitution provides generally for sovereign immunity of the States. U.S. Const. amend. XI. Since Creditor is an agency of the State of California, it has sovereign immunity under the Eleventh Amendment.

Section 106(a) of the Bankruptcy Code provides an explicit waiver of sovereign immunity for claims of the bankruptcy estate against a governmental unit which itself has filed a claim against the estate. 11 U.S.C. § 106(a). In the instant case, Creditor never filed a proof of claim against the bankruptcy estate. Therefore Creditor did not waive its sovereign immunity under § 106(a).

Section 106(c) also provides for a waiver of sovereign immunity as follows:

(1) a provision of this title that contains 'creditor', 'entity', or 'governmental unit' applies to governmental units; and

(2) a determination by the court of an issue arising under such a provision binds governmental units.

11 U.S.C. § 106(c)(1) and (2). A plurality of the United States Supreme Court construed § 106(c) as not authorizing monetary recovery from a State. *Hoffman v. Connecticut Dep't of Income Maintenance*, 492 U.S. 96, 101, 109 S.Ct. 2818, 2822, 106 L.Ed.2d 76, 84 (1989). Rather the Court plurality construed the term "determination" in § 106(c)(2) as waiving a State's sovereign immunity only for declaratory and injunctive relief. *Id.* Under this construction, the Court plurality concluded that the Government "is bound by

determinations of issues by the bankruptcy courts even when it did not appear and subject itself to the jurisdiction of such courts." *Id.*, 492 U.S. at 103, 109 S.Ct. at 2823, at 85. A Court majority later held that § 106(c) does not unequivocally express a waiver of the Federal Government's immunity from actions for monetary relief. *United States v. Nordic Village*, 503 U.S. 30, 112 S.Ct. 1011, 117 L.Ed.2d 181 (1992).

The Ninth Circuit Court of Appeals relied on *Hoffman* to reverse an order for monetary sanctions against a state university pursuant to a motion for contempt filed by the debtor. *In re Gustafson*, 934 F.2d 216 (9th Cir.1991). The court concluded that under *Hoffman*, the State retains its sovereign immunity from monetary sanction notwithstanding § 106(c). *Id.* at 218.

■ In the instant case, the court finds that under *Hoffman, Nordic Village*, and *Gustafson*, § 106(c) does not waive Creditor's sovereign immunity with respect to monetary damages or monetary sanctions. However, the court finds that § 106(c) does act as a waiver of Creditor's sovereign immunity with respect to declaratory and injunctive relief actions.

■ Under § 105(a) of the Bankruptcy Code, the court may "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title." 11 U.S.C. § 105(a). The court's authority under § 105(a) extends to State officials or agencies, who "may be enjoined from interfering with the assets of the estate." 2 *Collier on Bankruptcy*, ¶ 105.02 (L. King, et al., eds., 15th ed., 1994).

In a recent federal district court case, the court noted that § 105(a) empowers a bankruptcy court to enforce its orders against all entities, including the Government. *In re Hardy*, 171 B.R. 912, 915 (S.D.Ga.1994). While the *Hardy* court held that sovereign immunity bars any type of monetary recovery against the Government, the court also stressed that the bankruptcy court is not powerless to enforce an order against the

---

filed. In the instant case, Creditor never filed a proof of claim. Therefore the Plan may not authorize the Trustee to make distributions to

Creditor despite Debtors' apparent provision for the debt.

Government. *Id.* In that case, the Internal Revenue Service had violated the permanent injunction of 11 U.S.C. § 524(c)(2) by attempting to collect a federal tax debt discharged in the debtor's Chapter 13 bankruptcy. The court held that the bankruptcy court has the power to enforce the injunction by ordering a return to the post-discharge status quo. *Id.* In fact, the Internal Revenue Service had returned all improperly collected funds to the debtor. The court simply denied the debtor's request for sanctions in the form of court costs, attorney's fees, and punitive damages. *Id.*

In the instant case, Creditor has willfully violated the automatic stay by collecting on its wage assignment order from assets of the bankruptcy estate. Pursuant to § 105(a), the court orders Creditor to cease such collection action. Should Creditor continue to violate the stay, the court may order a return of funds to restore the status quo.

An appropriate order will issue.