**In re Lisa BESSETTE, Debtor.**

**Lisa BESSETTE, Plaintiff,**

**v.**

**JDR RECOVERY CORP., USA Group Guarantee Services, United Student Aid Fund, and ITT Technology, Defendants.**

**Bankruptcy No. 97–03708.**
**Adversary No. 98–6057.**

**United States Bankruptcy Court, D. Idaho.**

**Aug. 21, 1998.**

C. Grant King, Boise, ID, for Debtor.

Bernie R. Rakozy, Boise, ID, Trustee.

## MEMORANDUM OF DECISION

TERRY L. MYERS, Bankruptcy Judge.

This matter comes before the Court upon the request of the Plaintiff, Lisa Bessette,[1] for entry of Default and Default Judgment. Fed.R.Bankr.P. 7055; Fed.R.Civ.P. 55. The Court has reviewed the pleadings of record and the submissions of the Plaintiff. The Court has also reviewed the chapter 7 case file for this Debtor, for reasons that will be explained below.

The Clerk, upon the Fed.R.Civ.P. 55(a)[2] request of the Plaintiff, entered a "Clerks Default" on July 31, 1998. This pleading,

---

1. Lisa Bessette is the debtor in case number 97–03708.

2. Fed.R.Bankr.P. 7055 makes Fed.R.Civ.P. 55 applicable in adversary proceedings.

prepared by the Plaintiff, asserts that default is entered against the "Defendants" [plural] referring to JDR Recovery Corp., USA Group Guarantee Services, United Student Aid Fund, and ITT Technology. However, a review of the Certificate of Service regarding the Summons and Complaint, as filed by the Plaintiff on February 25, 1998, indicates that *only* JDR Recovery Corp. was served as required by Fed.R.Bankr.P. 7004. The other named defendants do not appear to have ever been served with pleadings in this adversary proceeding.[3]

 It is improper to enter default, much less judgment, against any defendant who did not actually receive service of a complaint and summons. *See, Veeck v. Commodity Enterprises, Inc.,* 487 F.2d 423, 426 (9th Cir.1973) (citation omitted). Such a procedural defect is good cause to set aside an entry of default. Fed.R.Bankr.P. 7055; Fed. R.Civ.P. 55(c).[4] Therefore, the Clerks Default of July 31, 1998 will be VACATED and SET ASIDE by separate order as to all defendants *except* JDR Recovery Corp. The Clerks Default will stand as to JDR Recovery Corp. which, the record reflects, was served and failed to appear or defend.

Next, the Plaintiff requests entry of default judgment by the Court holding the student loans referenced in the Complaint are dischargeable under § 523(a)(8)(B)[5] of the Bankruptcy Code. This provision allows for discharge of certain student loans if excepting those debts from discharge, and thus requiring their repayment, would impose an "undue hardship" on the debtor and her dependents.

 The burden of proving dischargeability of student loans is on the debtor. *Otto v.*

*Niles (In re Niles),* 106 F.3d 1456, 1460 n. 3 (9th Cir.1997) (noting this exception to the general rule that the creditor bears the burden of proving nondischargeability); *California State University, Fresno v. Gustafson (In re Gustafson),* 111 B.R. 282, 285 (9th Cir. BAP 1990), *rev'd on other grounds,* 934 F.2d 216 (9th Cir.1991).

 Undue hardship is determined through an evaluation of the totality of the circumstances, including: "(1) whether it is reasonable, considering the debtor's current and future income and expenses, to require the debtor to repay some or all of the loan; (2) whether the debtor has made a good faith effort to repay the loan; and (3) whether allowing the discharge of the loan would thwart the legislative intent in passing § 523(a)(8)." *United Student Aid Funds v. Pena (In re Pena),* 207 B.R. 919, 921 (9th Cir. BAP 1997) (citing *In re Bakkum,* 139 B.R. 680, 682 (Bankr.N.D.Ohio 1992). Reasonableness of requiring the debtor to repay the loan is determined by "(1) [w]hether the debtors are capable of paying the loan while maintaining a minimal standard of living, [and] (2)[w]hether the debtor's financial circumstances are likely to persist for a significant portion of the repayment period." *Pena,* 207 B.R. at 922, 921 (quoting *Cheesman v. Tennessee Student Assistance Corp. (In re Cheesman),* 25 F.3d 356, 359 (6th Cir.1994), *cert. denied,* 513 U.S. 1081, 115 S.Ct. 731, 130 L.Ed.2d 634 (1995). In evaluating these factors, the court is to consider the debtor's present marketable skills, the extent of his or her education, the prospect of acquisition of further education or skill training at his or her age and present status, but not whether exceptional *circumstances exist*

---

**3.** The reason for this lack of service may be the Plaintiff's belief that all the rights and claims of the other defendants were previously assigned to JDR Recovery Corp. for collection. *See,* Complaint at paragraphs I(C)—I(E).

**4.** "For good cause shown the court may set aside an entry of default and, if a judgment by default has been entered, may likewise set it aside in accordance with Rule 60(b)."

*Fed.R.Civ.P. 55(c).*

**5.** § 523(a)(8)(B) provides:

A discharge under section 727 ... of this title does not discharge an individual debtor from any debt—

...

(8) for an educational ... loan made, insured or guaranteed by a governmental unit, or made under any program funded in whole or in part by a governmental unit or nonprofit institution, ... unless—

...

(B) excepting such debt from discharge under this paragraph will impose an undue hardship on the debtor and the debtor's dependents; ....

precluding improved financial status in the future. *Pena,* 207 B.R. at 922.

 These are not the types of issues that the Court can resolve on a complaint which merely complies with the minimal "notice pleading" requirements of the Rules. In this case, however, the Complaint is more substantial in the detail of its allegations and is supplemented by the sworn affidavit of the Plaintiff. It is, therefore, concluded that the Court need not conduct an inquiry or take evidence prior to granting judgment by default. *See,* Fed.R.Civ.P. 55(b)(2).[6]

The Plaintiff's Affidavit, executed and filed at the time of the filing of her Complaint, sets forth specific facts regarding her present economic circumstances and future prospects. She also verified the allegations in the Complaint. JDR Recovery Corp., by not appearing, has raised no contest to any of the allegations thus made.

 Moreover, the schedules and statement of affairs this Debtor filed in Case No. 97–03708 [7] fully support the allegations found in these adversary pleadings. Among other things, they establish that the Plaintiff has a monthly *net* income of under $1,000, and monthly expenses (which are conservatively stated) for her and for 2 minor dependents in excess of her monthly *gross* income. The facts disclosed in both files fairly support the conclusion that the debtor has limited job skills and limited potential for any significant increase in income.[8]

I find and hold, based upon the files and records in the Court's chapter 7 and adversary proceeding files as discussed above, that the Plaintiff has satisfied the burden of establishing a prima facie case that excepting the subject student loan obligations from discharge would impose an undue hardship on her and her dependents. Based upon the record, I further find and hold that default and default judgment are proper as against the Defendant, JDR Recovery Corp.

Should Plaintiff be confident that all the subject student loan debts are, in fact, assigned to and collectable only by JDR Recovery Corp., this matter would appear to be concluded. If, however, the Plaintiff desires entry of a judgment under § 523(a)(8) as to USA Group Guarantee Services, ITT Technology, and/or United Student Aid Fund, then service of Summons and Complaint will be required upon those defendants, and judgment must await the default of each of those defendants or trial.

An order will be entered accordingly.

---

6. If, in order to enable the court to enter judgment ..., it is necessary to ... establish the truth of any averment by evidence or to make an investigation of any other matter, the court may conduct such hearings or order such references as it deems necessary and proper ....

Fed.R.Civ.P. 55(b)(2).

7. That "no-asset" chapter 7 proceeding has been concluded and closed following entry of discharge on March 18, 1998.

8. Perhaps in recognition of this situation, her attorney charged the Plaintiff a very modest fee for prosecuting her chapter 7 case and this adversary proceeding.